

**SO ORDERED.**

**SIGNED this 1 day of September, 2017.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| LIONEL YOW | CASE NO. 11-06011-8-SWH |
| | CHAPTER 11 |
| DEBTOR. | |
| | |
| JOHN A. NORTHEN, Trustee | |
| | ADVERSARY PROCEEDING |
| Plaintiff | NO. 14-00134-8-SWH |
| v. | |
| HOLLY RIDGE VENTURES, LLC; CONNIE YOW; and DECOY INVESTMENTS, LLC | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION FOR DIRECTED VERDICT**

This matter came on to be heard upon the motion of the defendants, Holly Ridge Ventures, LLC ("Holly Ridge"), Connie Yow, and Decoy Investments, LLC ("Decoy"), for directed verdict at the close of plaintiff's evidence at trial held in Raleigh, North Carolina on March 8, 2017. The motion for directed verdict will be granted.

Lionel Yow filed a chapter 11 petition on August 5, 2011. John Northen was appointed

chapter 11 trustee on October 30, 2012. The trustee initiated this adversary proceeding with the filing of a complaint on August 28, 2014. The complaint contained three causes of action: 1) for declaratory relief regarding ownership interests in Decoy Investments, LLC; 2) for declaratory relief regarding ownership of HRV Receivable; and 3) for judgment to recover the HRV Receivable. The chapter 11 bankruptcy case was later converted to one under chapter 7, and Mr. Northen was appointed to serve as chapter 7 trustee on May 9, 2015. After his appointment as chapter 7 trustee, Mr. Northen filed an amended complaint in this adversary proceeding on May 13, 2015. The amended complaint realleged the three causes of action found in the original complaint, and added a fourth cause of action for imposition of a resulting trust, constructive trust, or equitable lien. On October 14, 2015, defendants filed a motion for summary judgment as to all four claims asserted by the trustee in the amended complaint. This court denied the defendants' motion for summary judgment by order dated March 17, 2016. At the close of plaintiff's evidentiary presentation at trial, the defendants moved for a directed verdict and the court took the matter under advisement.

## DISCUSSION

Section 546 of the Bankruptcy Code provides that actions pursuant to §§ 544, 545, 547, 548 or 553 of the Code may not be brought after the earlier of:

> (1) the later of –
> > (A) 2 years after the entry of the order for relief; or
> > (B) 1 year after the appointment or election of the first trustee . . . if such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546. Inasmuch as Mr. Northern was first appointed chapter 11 trustee on October 30, 2012 (which was prior to the expiration of two years after the entry of the order for relief, i.e.,

2

August 5, 2013),[1] the deadline for bringing any of the causes of action enumerated in § 546 was October 30, 2013.  Because the original complaint was filed on August 24, 2014, it is necessary to analyze the causes of action asserted in the amended complaint to determine whether they fall under § 546 and thus are time-barred.

Count One of the amended complaint is titled: Declaratory Relief as to Decoy Interests.  This cause of action is based upon allegations that existing documentation incorrectly indicates Holly Ridge owns 66.67% of the member interests in Decoy.  The trustee requests the court declare that Holly Ridge owns only 33.33% of the member interests in Decoy.  The trustee maintains that on January 5, 2009, 33.33% of the membership interest in Decoy were transferred to Holly Ridge and that tax documents and an amendment to the operating agreement executed contemporaneously therewith support that position.  The defendants argue that in January 2009, 66.67% of the membership interests in Decoy were transferred to Holly Ridge and that the tax and corporate governance documents generated at that time incorrectly reflected the transfer, but were modified post-petition in 2012 to correctly evidence the transfer.  If the transfer of the Decoy interest was correctly evidenced by the tax documents and amendment to the operating agreement executed in 2009, which is the trustee's position, the transfer of the additional interest in Decoy evidenced by the 2012 documents would have to be avoided.  Such an avoidance can only be accomplished

---

[1] Conversion of a case does not reset the statue of limitations period under § 546. *See Driftwood Manor Owners Ass'n v. Borgus (In re Borgus)*, 544 B.R. 315, 322 (Bankr. E.D.N.C. 2016) (citations omitted) (explaining that "[c]ourts considering this question have found that the petition constitutes the order for relief under § 546(a)(1), notwithstanding a subsequent conversion"); *see also Bergquist v. Vista Dev., Inc. (In re Quality Pontiac Buick GMC Truck, Inc.)*, 222 B.R. 865, 868 (Bankr. D. Minn. 1998) (finding that "in any converted case . . . the order for relief . . . is only a fictive authorization for the administration of the estate . . . [and] it does not restart anew").

3

pursuant to § 548 or, possibly § 544. Avoidance under either of these provisions of the Bankruptcy Code is subject to the time limitations set forth in § 546.

Count Two of the amended complaint is entitled: Declaratory Relief as to HRV Receivable. The trustee maintains that a 33.33% interest in Decoy was conveyed to Holly Ridge in exchange for a $2,222,222 promissory note (evidence of an account receivable); and that the promissory note, although it names Connie Yow as the beneficiary, should instead name Lionel Yow as the beneficiary. On the other hand, the defendants argue that a 66.67% interest in Decoy was conveyed to Holly Ridge and that the $2,222,222 promissory note properly recites Connie Yow as the sole beneficiary. Defendants base their position upon the assertion that Decoy was originally funded as a 50/50 marital venture and Lionel Yow transferred his rights to the promissory note to Connie Yow as part of his retirement and estate planning. As is discussed above, in order to recover the Decoy interest at issue, being the one-third interest in dispute, the trustee must avoid the transfer evidenced by the updated 2012 tax and operating documents pursuant to either § 548 or § 544. Similarly, in order to prevail on the theory that Lionel Yow owns either all or part of the Holly Ridge receivable evidenced by the promissory note, the trustee must "avoid" the transfer evidenced by the existing documents and avoid the transfer of Lionel's interest in the receivable to Connie Yow allegedly made as party of a retirement/estate plan. Each step requires the avoidance of a transfer of an interest of the debtor pursuant to either § 548 or § 544 of the Bankruptcy Code.

Having determined the first two causes of action in the amended complaint require employment of the trustee's avoidance powers, the court finds that they were not timely brought in accordance with § 546. It is inconsequential to the court's analysis that Counts One and Two are titled as seeking declaratory judgments. The essence of the claims is that a portion of the debtor's ownership interest, the amount of which is subject to dispute, was transferred. For purposes of an

4

avoidance action, courts may look to the net effect of a challenged transaction. *Schnelling v. Crawford (In re James River Coal Co.)*, 360 B.R. 139, 163 (Bankr. E.D. Va. 2007). The court finds this reasoning equally applicable to looking at the net effect of a declaratory action, when the declaration sought implicates the avoidance of a transfer. A trustee is granted avoidance powers under either § 548 or § 544, but they are limited by § 546. Therefore, directed verdict in favor of the defendants on Claim One and Claim Two in the amended complaint is warranted. As a result of this determination, the trustee cannot now challenge ownership of the Holly Ridge receivable, and thus he is not the proper party to enforce collection of the promissory note. Directed verdict must necessarily be entered in favor of the defendants on Count Three of the amended complaint as well.

In Count Four of the complaint, the trustee requests the court impose a constructive trust, resulting trust, or equitable lien against any interest Connie Yow may own in both the Decoy and Holly Ridge accounts receivable, based upon the alleged conduct of the defendants. The preceding analysis regarding § 546 does not apply to Count Four, as a request for the imposition of an equitable remedy is not based on the avoidance of any transfer of an interest of the debtor. Instead, the court must consider whether an equitable interest in favor of the estate exists in determining whether such an encumbrance should be imposed. In a response to the defendants' motion for summary filed on November 16, 2015, Dkt. 55, the trustee conceded that imposition of a resulting trust is not warranted under the facts presented. Accordingly, the court will only consider whether a constructive trust or equitable lien is an appropriate remedy.

"Constructive trusts, resulting trusts and equitable liens are equitable remedies recognized under North Carolina state law in limited circumstances." *In re Welch*, No. 12-05082-8-JRL, 2012 WL 4846540, at *2 (Bankr. E.D.N.C. Oct. 10, 2012). While rooted in equity, both of the remedies sought by the trustee differs materially in their application.

5

A constructive trust is "a remedial device imposed by courts of equity." *In re Welch*, 2012 WL 4846540, at *7 (citations omitted). Specifically, it is imposed "to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." *Graham v. Martin*, 149 N.C. App. 831, 835 (N.C. App. 2002) (citation omitted). A constructive trust is best understood as a "fiction of equity, brought into operation to prevent unjust enrichment . . . ." *Cury v. Mitchell*, 202 N.C. App. 558, 560 (2010) (*citing Roper v. Edwards*, 323 N.C. 461, 464, 373 S. E. 2d 423, 424-25 (1998)). Importantly, constructive trusts generally arise from actual or presumptive fraud and usually involve the breach of a fiduciary duty. *In re Shearin Family Invs., LLC*, 418 B.R. 584, 587 (Bankr. E.D.N.C. 2009) (citing *Miller v. Rose*, 138 N.C. App. 582, 590 (2000)); *see also In re NC & VA Warranty Company, Inc.*, 556 B.R. 182, 194 (citing *Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 212 (1970)) (explaining that there "'is a common, indispensable element in the many types out of situations out of which a constructive trust is deemed to arise . . . some fraud, breach of duty, or other wrongdoing by the holder of the property . . . .'").

In this case, the evidence currently before this court is that documentation drawn up in 2009 to evidence the transfer of interests in Decoy to Holly Ridge was incorrect, that the mistake was not realized until after Lionel Yow filed bankruptcy, and that it was later corrected post-petition. These allegations neither suggest, nor support, the finding of fraud. Additionally, there has been no allegation from the trustee that the debtor owed a duty to an individual or entity harmed by the transfers, and there has been no showing of other wrongdoing. Consequently, imposition of a constructive trust is not warranted.

6

Finally, "[a]n equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is declared by a court of equity out of the general considerations of right and justice, as applied to the relations of the parties and the circumstances of their dealings." *Fulp*, 264 N.C. at 24 (1965) (citations omitted). An equitable lien most commonly arises "in cases where one person has wrongfully expended, for improvements on his property, the funds of another," but it is not imposed exclusively upon those facts. Unlike a constructive trust or resulting trust, an equitable lien "does not entitle the holder to a conveyance of the thing nor to its use; it is merely a right to secure the performance of some outstanding obligation." *Id*. (citing 1 POMEROY'S EQUITY JURISPRUDENCE § 165 (5th ed. 1941)). In this case, the trustee does not contend that improvements to real property were made by any party, for which funds of another were used, and no other showing of unjust enrichment was made. As a result, there is no basis for which the court may impose an equitable lien.

Viewing the evidence presented in the best light for the non-moving trustee, the court finds that the trustee failed to establish any basis for which imposition of a constructive trust, resulting trust, or equitable lien is warranted. The trustee cannot prove any of the theories that would entitle him to the equitable relief sought in Count Four. Therefore, directed verdict as to Count Four is also appropriate.

## CONCLUSION

Based on the foregoing, defendants' motion for directed verdict is granted as to all counts in the amended complaint.

**END OF DOCUMENT**